## CIRCUIT COURT OF THE CITY OF RICHMOND

John W. Daniel & Co., Inc.

v.

Radford University et al.

February 7, 1991

Case No. LS 1734-2

By JUDGE ROBERT L. HARRIS, SR.

This case is before the court on defendant's Motion to Dismiss Edward J. Mazur as a party defendant and on defendants' Motion to Transfer Venue. Counsel for all parties submitted memoranda on these motions and were heard by the court on January 4, 1991.

Plaintiff has brought suit on a construction contract it was awarded by defendant Radford University ("Radford") pursuant to the Virginia Public Procurement Act, Virginia Code § 11-35 *et seq.* ("VPPA"). Under the terms of the contract, plaintiff was to make certain improvements to Radford's Dedman Center Natatorium, including furnishing and installing a dehumidification system. Plaintiff completed the work, and Radford began to occupy the facility on or about July 6, 1987. Subsequently, the dehumidification system failed to function in a satisfactory manner, and plaintiff alleges that Radford wrongfully withheld $117,682.85 in retainage until plaintiff made corrections to the system. Plaintiff subsequently performed work on the system, and it was then accepted by Radford.

Plaintiff alleges that any performance failures of the system were due to design deficiencies and that

Radford wrongfully withheld the retainage from plaintiff for approximately thirty-two months. Radford ultimately paid the retainage to plaintiff. Plaintiff then submitted a claim to David E. Armstrong, Radford's Director of Physical Plant, for interest on the retainage during the time plaintiff alleged it was wrongfully withheld and for additional compensation for costs incurred by plaintiff in getting the dehumidification system to function properly. Mr. Armstrong denied plaintiff's claim by letter dated April 12, 1990.

Under § 11-69(D) of the VPPA, once a public body makes a final decision denying a contractor's claim, the contractor may within six months institute legal action in the appropriate circuit court as provided for in Section 11-70(E) of the VPPA. A "public body" is defined in Section 11-37 of the VPPA as "any legislative, executive or judicial . . . institution . . . created by law . . . to perform some governmental duty and empowered by law to undertake the activities described in [the VPPA]."

Radford, as an educational institution established pursuant to Code § 23-155.1 *et seq.*, meets this definition of "public body." In their Answer, Radford and Edward J. Mazur admit that, by letter dated April 12, 1990, Radford's Director of Physical Plant "issued the Commonwealth's final decision denying" plaintiff's claim. Plaintiff then filed his Motion for Judgment in this court on May 18, 1990, in accordance with the terms of §§ 11-69(D) and 11-70(E).

Since Radford is a state institution, plaintiff's claim for contractual damages qualifies as a "pecuniary claim against the Commonwealth" under Code § 2.1-223.1. Pecuniary claims against the Commonwealth are to be brought in accordance with Code § 8.01-192 which provides that when "the Comptroller or any other authorized person shall disallow" a pecuniary claim against the Commonwealth, the claimant may petition an appropriate circuit court for redress. Radford's Director of Physical Plant qualifies as "an authorized person" under the statute who disallowed plaintiff's claim. Under § 8.01-193, "[i]n every such case, the Comptroller shall be a defendant."

Therefore, Mr. Mazur, the Comptroller, is not only a proper party to this action, but he is a necessary party. His official office is in the City of Richmond, and venue

116

in the City of Richmond is preferred under Code Section 8.01-261(2). Accordingly, defendants' Motion to Dismiss Edward J. Mazur and Motion to Transfer are both denied.